UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION
_____

| | |
|---|---|
| **JESSIE TRAYLOR,** ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 12-CV-2001 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**OPINION**

On January 3, 2012, Petitioner, Jessie Traylor, filed a pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1). On March 8, 2012, the Government filed its Response to Petitioner's Motion (#4). On March 26, 2012, Petitioner filed a Reply (#6) and also filed an Affidavit (#5) seeking discovery so he can establish the need for an evidentiary hearing.

This court has carefully and thoroughly reviewed the arguments of the parties and the documents provided. This court has also reviewed the transcripts from Petitioner's jury trial and the sentencing hearing held before this court. Following this careful consideration, Petitioner's Motion (#1) is DENIED and, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.

I. FACTS

In Case No. 08-CR-20036, Petitioner was charged in a 13-count superseding indictment which alleged drug-related crimes along with his co-defendants, Dana Hawkins, Djuan Davis, and Kelly Gallagher. Petitioner was charged with conspiracy to

distribute five or more kilograms of cocaine, possession of cocaine with intent to distribute, and two counts of using a telephone in furtherance of a drug-trafficking crime.[1]  Petitioner was represented by appointed counsel, John Taylor of the Federal Defender's office and Elisabeth Pollock.  Petitioner's co-defendants pleaded guilty to the charges against them.

Petitioner proceeded to a jury trial, which commenced on September 21, 2009.  Dana Hawkins and Djuan Davis testified against Petitioner.  Kelly Gallagher elected not to cooperate and testify.  The evidence presented at trial showed that Hawkins, Davis, and Petitioner had been friends for about 20 years.  Hawkins and Davis began distributing cocaine in May 2007.  Hawkins was based in Decatur, Illinois, and supplied funds to Davis, who was located in Chicago.  Davis bought cocaine from suppliers in Chicago and delivered the drugs to Hawkins, who sold them.  In August 2007, Hawkins began to pay Petitioner to drive him to Chicago with purchase money.  Davis would then buy the drugs and deliver them to Hawkins in Decatur.  In September 2007, Davis was arrested and ceased delivering cocaine for the next four months.  In January 2008, Hawkins and Davis resumed buying cocaine at a rate of one to two kilograms of cocaine each week.  Hawkins and Davis both testified that, for most of the deliveries during the first six months of 2008, Petitioner carried the drugs by bus from Davis in Chicago to Hawkins in Decatur.

---

[1] The indictment also included a criminal forfeiture count against Petitioner which was dismissed before trial.

On January 30, 2008, Hawkins was in Chicago when Petitioner arrived in Decatur by bus with a kilogram of cocaine. Gallagher, one of Hawkins's principal distributors, met Petitioner at the Greyhound bus stop and drove him to a local motel for the night. Hawkins returned to Decatur the next day and retrieved the kilogram of cocaine from Petitioner. On March 28, 2008, a police detective saw and videotaped Petitioner boarding a Greyhound bus. Petitioner was carrying a backpack.

The evidence showed that, in early June 2008, Hawkins and Davis arranged to purchase another kilogram of cocaine. Davis testified that he gave the drugs to Petitioner on June 5, 2008, and Petitioner put the drugs in a backpack. Intercepted phone calls were played for the jury and confirmed that Davis then told Hawkins that Petitioner had the cocaine. Later that day, Petitioner boarded a bus from Chicago to Decatur. When the bus arrived in Kankakee, Decatur Police Officer Matt Knuckles posed as a passenger, boarded the bus, and saw the black backpack that Petitioner had previously carried stowed directly above Petitioner's seat. Knuckles put his bag next to the backpack. The bus arrived in Champaign, Illinois, and police officers from Decatur boarded the bus and announced that they were conducting a drug investigation. When the officers questioned Petitioner, he said he did not have a bag. None of the other passengers on the bus claimed the backpack, so the officers seized it as abandoned property. They searched the backpack and found a kilogram of cocaine and some clothes and personal items belonging to Petitioner. The cocaine was wrapped in plastic, inside a manilla envelope that was enclosed in a plastic

shopping bag. Petitioner's fingerprints were lifted from the plastic shopping bag which contained the cocaine.

Petitioner testified at trial. He testified that he had two prior convictions of possession of a controlled substance. Petitioner admitted that he was a long-time friend to both Hawkins and Davis. Petitioner also admitted that he drove Hawkins many times between Chicago and Decatur. Petitioner testified that Hawkins compensated him for driving but insisted that the reason was because Hawkins was often too drunk and did not like to drive. Petitioner denied transporting money or drugs for Hawkins and Davis. Petitioner testified that he had previously borrowed the backpack and admitted that it contained several of his personal belongings. Petitioner denied possessing the backpack on the day of his arrest. He testified that the backpack was already on the bus when he boarded.

On September 24, 2009, the jury found Petitioner guilty of all four of the charges against him. On January 8, 2010, Petitioner was sentenced to a term of life imprisonment for the conspiracy offense. He received concurrent terms of imprisonment for the other offenses. Petitioner filed a Notice of Appeal. On appeal, Petitioner was represented by Elisabeth Pollack and argued that the Government failed to present evidence sufficient to sustain his conspiracy and possession convictions. On January 6, 2011, the Seventh Circuit entered an Order and affirmed this court's judgment. United States v. Traylor, 405 Fed.Appx. 73 (7th Cir. 2011). The Seventh Circuit first rejected Petitioner's argument

that the Government presented insufficient evidence to support his conspiracy conviction. The court stated:

> Hawkins and Davis both testified that Mr. Traylor knowingly participated in the conspiracy, first driving Hawkins to drug transactions and later transporting funds and cocaine by bus between Chicago and Decatur. The Government corroborated this testimony with several recorded phone conversations between the coconspirators. Furthermore, both Hawkins and Davis acknowledged at trial that they had cooperated in hope of securing favorable treatment at sentencing; consequently, the jury was privy to their motivations when it assessed their credibility. [Citation omitted.] Mr. Traylor claimed that he was not a knowing participant, but he admitted to several acts consistent with his knowledge and participation (including driving Hawkins for money and making several trips by bus on Hawkins's and Davis's behalf). The jury was entitled to reject Mr. Traylor's version of events and, instead, credit the Government's account.

Traylor, 405 Fed.Appx. at 76. The court also rejected Petitioner's challenge to his conviction for possession of cocaine with intent to distribute, based on the kilogram of cocaine found in the unclaimed backpack. Petitioner argued that the evidence was insufficient because the Government introduced no evidence showing that he behaved as

if the bag were his. The court concluded that the evidence was sufficient for the jury to conclude that Petitioner possessed the backpack, stating:

> In the present case, there was significant evidence linking the backpack to Mr. Traylor. First, he conceded that he previously had borrowed the backpack, that it contained several of his personal belongings (including his clothes and toiletries), and that he previously had traveled with it from Chicago to Decatur. Additionally, his fingerprints were found on the cocaine packaging, which is further evidence of his control over the bag.

Traylor, 405 Fed.Appx. at 76.

On January 3, 2012, Petitioner filed his pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1). Petitioner included four claims: (1) his conviction was based on evidence gained pursuant to an unconstitutional search and seizure; (2) his conviction was obtained by violating the prosecution's duty to disclose evidence favorable to him; (3) he was denied his right to the effective assistance of counsel; and (4) he was denied his right to appeal.[2]

On March 8, 2012, the Government filed its Response (#4) and argued that Petitioner's claims are entirely without merit. On March 26, Petitioner filed his pro se Reply (#6). Petitioner also filed a pro se Affidavit (#5) and requested additional

---

[2] These are the claims listed in Petitioner's pro se Motion (#1). Petitioner has attached additional lengthy arguments to his Motion. This court agrees with the Government that the arguments are non-specific and incomprehensible. This court has therefore considered only the claims listed in the pro se Motion.

discovery for purposes of "earn[ing]" an evidentiary hearing. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) has been thoroughly briefed and is ready for ruling.

## II. ANALYSIS

This court first notes that relief under 28 U.S.C. § 2255 is reserved for extraordinary situations. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996), citing Brecht v. Abrahamson, 507 U.S. 619, 633-34 (1993). Accordingly, a petitioner may avail himself of relief under § 2255 only if he can "demonstrate that there are flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." Boyer v. United States, 55 F.3d 296, 298 (7th Cir. 1995). Based upon this standard, and the record in this case, this court agrees with the Government that Petitioner has not included any claims which would warrant an evidentiary hearing or relief under 28 U.S.C. § 2255.

## III. PETITIONER'S CLAIMS

### A. FIRST CLAIM

Petitioner first claims that he was convicted based upon evidence gained pursuant to an unconstitutional search and seizure. Petitioner states that he was charged with possession of cocaine even though he was never seen in possession of drugs. He also states that his fingerprints were found after the arrest was made.

It appears that Petitioner is arguing that the cocaine found in the backpack was illegally seized and that he was arrested without probable cause. This court concludes

that there is no merit to this argument.  The evidence at trial established that the police officers seized the backpack as abandoned property and searched it.  Petitioner could not have challenged this search because he abandoned the backpack and his Fourth Amendment rights were not violated by the search.  See United States v. Alexander, 573 F.3d 465, 472-73 (7th Cir. 2009).  Petitioner was then lawfully arrested because the police officers had probable cause to believe he possessed the cocaine found in the backpack.

To the extent that Petitioner may be once again arguing that he was not proved guilty beyond a reasonable doubt of the possession charge because he was never seen in actual possession of the cocaine, this argument was raised in the Seventh Circuit and rejected.  Traylor, 405 Fed.Appx. at 76.  The Seventh Circuit has held that, "[i]n the context of § 2255 petitions, the 'law of the case' doctrine dictates that 'once this court has decided the merits of a ground of appeal, that decision establishes that law of the case and is binding on a [court] asked to decide the same issue in a later phase of the same case, unless there is some good reason for reexamining it."  Fuller v. United States, 398 F.3d 644, 648 (7th Cir. 2005), quoting United States v. Mazak, 789 F.2d 580, 581 (7th Cir. 1986).  Petitioner has not set out any good reason for reexamining this issue and is barred from relitigating his insufficiency of the evidence argument in his § 2255 Motion.  See Fuller, 398 F.3d at 648.  This court concludes that Petitioner's first claim is entirely without merit.

B.  SECOND CLAIM

Petitioner next claims that his conviction was obtained by the Government's failure to disclose favorable evidence to him.  He argues that he was not provided with Gallagher's actual arrest date.  In his Motion, Reply and Affidavit, Petitioner makes repeated references to Gallagher's arrest and his need to obtain information about the actual date of the arrest.  However, Petitioner has not explained how this information could possibly be favorable to him.  This court concludes that information about the date Gallagher was arrested had minimal, if any, relevance to the charges against Petitioner. Petitioner was convicted based upon the evidence that he was involved in a drug conspiracy with Hawkins and Davis.  This court concludes that Petitioner's second claim is without merit.

C.  THIRD CLAIM

For his third claim, Petitioner contends that he was denied the effective assistance of counsel.  Petitioner states that his counsel did not adequately investigate the facts and did not adequately handle legal issues thereby allowing the Government to deny him due process.

"The Sixth Amendment to the Constitution accords criminal defendants the right to effective assistance of counsel." Wyatt v. United States, 574 F.3d 455, 457 (7th Cir. 2009).  To succeed on a claim of ineffective assistance, a petitioner must prove: (1) his attorney's performance fell below an objective standard of reasonableness; and (2) he suffered prejudice as a result.  Strickland v. Washington, 466 U.S. 668, 678-88, 693

(1984); Wyatt, 574 F.3d at 457-58.  With respect to the performance prong of the two-part test, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Wyatt, 574 F.3d at 458, quoting Strickland, 466 U.S. at 689.  A petitioner "must establish the specific acts or omissions of counsel that he believes constituted ineffective assistance" and the court then determines "whether such acts or omissions fall outside the wide range of professionally competent assistance."  Wyatt, 574 F.3d at 458.  Regarding the prejudice prong of the two-part test, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Strickland, 466 U.S. at 694.

      This court agrees with the Government that Petitioner has failed to demonstrate that his counsel's performance was deficient in any respect.  Following a careful review of the trial transcript in the criminal case, this court further agrees that Petitioner has failed to explain how his counsel's performance was deficient or prejudiced the outcome of the trial in the face of overwhelming evidence of guilt.  This court concludes that this claim has no merit.

## D.  FOURTH CLAIM

      Petitioner has also claimed that he was denied his right of appeal.  This claim is obviously frivolous because Petitioner appealed his conviction and was represented on appeal by Elisabeth Pollock.  In setting out this claim, Petitioner references exculpatory

evidence but does not explain what this exculpatory evidence was or how he was denied his right of appeal. This claim has no merit.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, a certificate of appealability should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a valid claim of the denial of a constitutional right.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1) is DENIED.

(2) Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.

(3) This case is terminated.

ENTERED this 5th day of October, 2012

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE